PATTERSON v. BORON.

MUNICIPAL CORPORATIONS—OFFICERS—APPOINTMENT—QUALIFICA-
    TIONS—SOLDIERS.
    Under section 2990, 1 Comp. Laws, the mayor of a city of the
    fourth class is charged with the duty of determining whether
    an applicant for the office of city attorney possesses the neces-
    sary qualifications, and no law authorizes a court to review
    his determination that an applicant is not qualified, notwith-
    standing the applicant claims a preferment under section 1,
    Act No. 329, Pub. Acts 1907, by virtue of being an honorably
    discharged Union soldier, having served in the late Rebellion.

Certiorari to Clinton; Searl, J. Submitted June 16,
1908. (Calendar No. 22,895.) Decided June 27, 1908.

Mandamus by Henry J. Patterson to compel Eddie
Boron, mayor of the city of St. Johns, to appoint relator
to the office of city attorney under Act No. 329, Pub. Acts
1907. There was an order denying the writ, and relator
brings certiorari. Affirmed.

*Henry J. Patterson*, in pro. per.

*E. J. Moinet* (*J. Earl Brown*, of counsel), for respond-
ent.

PER CURIAM. This is a mandamus proceeding deter-
mined adversely to relator in the circuit court. It is be-
fore us for review. Relator is an honorably discharged
Union soldier, having served in the late Rebellion. He
is also a regular practicing attorney and a resident of the
city of St. Johns. He seeks by this proceeding to compel
respondent to appoint him attorney of said city. He bases
his right to said appointment on section 1 of Act No. 329
of the Public Acts of 1907, which reads as follows:

"In every public department, and all public depart-

ments in all municipal corporations, and upon the public works of the State of Michigan, honorably discharged Union soldiers, sailors and marines of the late Rebellion, and the soldiers, sailors and marines of the late Spanish-American war shall be preferred for appointment and employment; age, loss of limb or other physical impairment which does not, in fact, incapacitate, shall not be deemed to disqualify them: *Provided, however,* That the applicant shall be of good moral character and shall have been a resident of the State for at least two years and of the county in which the office or position is located for at least one year, and possesses other requisite qualifications."

Respondent refuses to make the appointment upon the ground that, according to his "best judgment, relator * * * is not * * * competent to perform the duties of the office of city attorney for said city of St. Johns, and that in the judgment of respondent * * * relator does not possess the requisite qualifications for said office."

It will be observed that according to the section of Act No. 329 above quoted, discharged Union soldiers are not entitled to an appointment unless they possess the other requisite qualifications. The respondent has determined that relator lacked those requisite qualifications. Had he a right to make that determination? St. Johns is a city of the fourth class. The law regulating the appointment of city attorney is found in section 2990, 1 Comp. Laws. It reads:

" The following officers shall be appointed by the mayor, by and with the consent of the council, viz., a city attorney. * * *"

This right to appoint imposed on respondent the duty of determining that his appointee possessed the requisite qualifications for the office. He would have been faithless to that duty had he appointed an applicant whom he deemed disqualified. The law therefore made it his duty to determine whether relator—an applicant for the office —possessed the requisite qualifications, and no law authorizes a court to review his determination that relator lacked such qualifications. It must therefore be held that rela-

tor is not entitled to the appointment in question because it has been authoritatively determined that he does not possess the requisite qualifications therefor.

It should not be inferred from this opinion that we decide that section 1 of Act No. 329 of the Public Acts of 1907, above quoted, has any application to the office of city attorney or to similar offices. The ground upon which our judgment rests makes it unnecessary for us to consider that question and we do not consider it.

The learned trial judge correctly decided the motion, and his order is affirmed.